# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.

**INDICTMENT**

**ROSA M. BONNER**
**ARIYANNA S. LAMPLEY**
 a/k/a "Schuyler J. Nickerson"
**JIMMIE A. MCCORVEY**
 and
**MARCIA D. MCCORVEY**
 a/k/a "Marcia Reaves"

3:15cr7/Rv

_____/

**THE GRAND JURY CHARGES:**

## COUNT ONE

### A. INTRODUCTION

At all times material to this Indictment:

1.      As a result of the fire, explosion, and release of oil from the Deepwater Horizon oil rig in the Gulf of Mexico on or about April 20 and 21, 2010, the National Pollution Fund Center of the U.S. Coast Guard ("NPFC") issued a letter of designation to BP Exploration. This letter designated BP Exploration as a Responsible Party under the Oil Pollution Act ("OPA") and advised BP Exploration of the requirements under OPA to advertise for and receive claims as a result of the incident. BP Exploration accepted this designation, acknowledging the requirement to advertise for and receive claims in writing on or about May 3, 2010.

Returned in open court pursuant to Rule 6(f)

2/18/15

Date

United States Magistrate Judge

2.      Subsequently, the NPFC was notified that starting on August 23, 2010, the Gulf Coast Claims Facility ("GCCF") would begin receiving and processing all claims by individuals and businesses impacted by the Deepwater Horizon oil spill.

3.      In or about June 2010, BP Exploration established the GCCF for the purpose of administering, processing, and settling certain claims of individuals and businesses for costs, damages, and other losses incurred as a result of the Deepwater Horizon oil spill. The GCCF was administered by a fund administrator responsible for decisions relating to the administration, processing, and payment of claims by the GCCF. On or about August 23, 2010, the GCCF began receiving and processing such claims due to the Deepwater Horizon oil spill.

4.      On August 6, 2010, BP Exploration established the Deepwater Horizon Oil Spill Trust, an irrevocable common law trust, to receive and distribute funds that BP Exploration promised to provide for the payment of certain types of claims, costs, and expenses, including, but not limited to, those resolved by the GCCF.

5.      To seek payment from the GCCF for damages incurred as a result of the oil spill, an individual or business was required to complete a GCCF claim form. The individual or business could submit the form through the Internet, by visiting the GCCF website, in person at a GCCF Claims Site Office, by fax, or by mail through the United States Postal Service or any private carrier addressed to the GCCF Claims Facility in Dublin, Ohio. As part of the claim application, the individual or business seeking payment for damages was required to elect to receive payment by wire transfer directly into the claimant's bank account (or account of their counsel) or by check.

2

## B. THE CHARGE

Between on or about October 18, 2010, and on or about April 25, 2012, in the Northern District of Florida and elsewhere, the defendants,

**ROSA M. BONNER,**
**ARIYANNA S. LAMPLEY,**
**a/k/a "Schuyler J. Nickerson,"**
**JIMMIE A. MCCORVEY,**
**and**
**MARCIA D. MCCORVEY,**
**a/k/a "Marcia Reaves,"**

did knowingly and willfully combine, conspire, confederate, and agree with one or more persons to devise a scheme to defraud and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent, and for the purpose of executing and in order to effect this scheme, did cause items to be sent, delivered, and moved by the United States Postal Service and by any private and commercial interstate carrier, in violation of Title 18, United States Code, Section 1341.

## C. MANNER AND MEANS

During the period of the charged conspiracy:

1. Defendants **ROSA M. BONNER, ARIYANNA S. LAMPLEY, a/k/a "Schuyler J. Nickerson," JIMMIE A. MCCORVEY,** and **MARCIA D. MCCORVEY, a/k/a "Marcia Reaves,"** each agreed with one or more of the others to devise and participate in a scheme to defraud the GCCF by filing false and fraudulent GCCF claims.

2. Defendants **ROSA M. BONNER, ARIYANNA S. LAMPLEY, a/k/a "Schuyler J. Nickerson,"** and **MARCIA D. MCCORVEY, a/k/a "Marcia Reaves,"** provided defendant **JIMMIE A. MCCORVEY** with their names, dates of birth, and social security numbers for the purpose of filing false GCCF claims in their names so that they could receive fraudulent payments from the GCCF.

3. Defendant **ARIYANNA S. LAMPLEY, a/k/a "Schuyler J. Nickerson,"** also provided defendant **JIMMIE A. MCCORVEY** with the names, dates of birth, and social security numbers of other individuals, including those of V.M., D.O., and K.S., for the purpose of filing fraudulent claims.

4. During the course of this scheme, **JIMMIE A. MCCORVEY** filed approximately seven false and fraudulent GCCF claims seeking over $327,000 in payments for allegedly lost earnings and profits as a result of the oil spill.

5. Defendant **JIMMIE A. MCCORVEY** prepared false and fraudulent W-2 forms, 1099 forms, tax returns, payroll and customer documentation for nonexistent companies, and other false and fraudulent documentation and sent said documentation to the GCCF in support of these false and fraudulent claims.

6. Further, defendant **JIMMIE A. MCCORVEY** fraudulently used addresses located in Pensacola, Florida, to falsely indicate that all of the claimants lived and worked in Pensacola, Florida, including: an address on Saufley Field Road in Pensacola, Florida, which was the residence of defendant **ROSA M. BONNER** and of the mother of defendant **ARIYANNA S. LAMPLEY, a/k/a "Schuyler J. Nickerson,"** and the subsequent residence of defendant **LAMPLEY** (hereinafter "the Saufley Field

4

address"); and an address on North M Street in Pensacola, Florida, which was the residence of defendant **ROSA M. BONNER**'s brother (hereinafter "the M Street address").

7. As a result of these false and fraudulent claims, the GCCF mailed approximately $64,300 in checks to the Saufley Field address and the M Street address and wired approximately $30,900 to **JIMMIE A. MCCORVEY**'s bank account.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

## A. INTRODUCTION

At all times material to this Indictment:

1. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for enforcing and administering the tax laws of the United States and collecting taxes owed to the Treasury of the United States. In general, wages and income were reported to the IRS on an annual basis by filing tax returns to determine the amount of taxes owed by an individual or corporation. If it was determined, based on the information provided by the filer, that the filer paid more than the amount of taxes owed to the United States, the IRS issued a tax refund in a manner chosen by the filer, which included by United States Treasury check, direct deposit into a bank account, or a prepaid debit card.

2. If a filer chose to receive the tax refund by United States Treasury check, those checks were processed by the United States Treasury Bureau of Fiscal Service

("BFS") and mailed from one of its regional financial centers, none of which were located in the State of Florida, to the address listed on the return.

## B. THE CHARGE

Between on or about March 24, 2010, and on or about June 3, 2011, in the Northern District of Florida and elsewhere, the defendant,

### JIMMIE A. MCCORVEY,

did knowingly and willfully combine, conspire, confederate, and agree with one or more persons to devise a scheme to defraud and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent, and for the purpose of executing and in order to effect this scheme, did cause items to be sent, delivered, and moved by the United States Postal Service and by any private and commercial interstate carrier, in violation of Title 18, United States Code, Section 1341.

## C. MANNER AND MEANS

Paragraphs C1 through C7 of Count One of this Indictment are realleged and incorporated herein. During the period of the charged conspiracy:

1. Defendant **JIMMIE A. MCCORVEY** was employed by the IRS as a Tax Examining Technician in Chamblee, Georgia, between on or about February 2, 2009, and on or about February 15, 2011.

2. Defendant **JIMMIE A. MCCORVEY** and Ariyanna S. Lampley agreed with each other and others to file false and fraudulent tax returns with the IRS in order to obtain refund payments to which they were not entitled.

6

3. Between on or about October 29, 2009, and on or about June 3, 2011, defendant **JIMMIE A. MCCORVEY** prepared and filed at least twenty-five (25) false and fraudulent tax returns with the IRS.

4. As a result of those fraudulent returns, United States Treasury checks totaling approximately $62,664.36 were mailed by the BFS to addresses under the control of either defendant **JIMMIE A. MCCORVEY** or Ariyanna S. Lampley, including the Saufley Field address and the M Street address.

5. The fraudulently obtained tax refund checks were deposited in bank accounts controlled by Ariyanna S. Lampley, who paid defendant **JIMMIE A. MCCORVEY** a portion of each tax refund check in cash.

All in violation of Title 18, United States Code, Section 1349.

## COUNT THREE

Between on or about October 29, 2009, and on or about April 25, 2012, in the Northern District of Florida and elsewhere, the defendant,

## JIMMIE A. MCCORVEY,

did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the names, dates of birth, and social security numbers of V.M., D.O., and K.S., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(5), that is, conspiracy to commit mail fraud, as charged in Count One of this Indictment, and conspiracy to commit mail fraud, as charged in Count Two of this Indictment.

In violation of Title 18, United States Code, Section 1028A(a)(1).

7

## CRIMINAL FORFEITURE

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Upon conviction of the violations alleged in Counts One and Two of this Indictment, and pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the defendants,

**ROSA M. BONNER,**
**ARIYANNA S. LAMPLEY,**
**a/k/a "Schuyler J. Nickerson,"**
**JIMMIE A. MCCORVEY,**
**and**
**MARCIA D. MCCORVEY,**
**a/k/a "Marcia Reaves,"**

shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

If any of the property subject to forfeiture pursuant to Counts One and Two of this Indictment, as a result of any act or omission of the defendants:

i.     cannot be located upon the exercise of due diligence;

ii.     has been transferred or sold to, or deposited with, a third person;

iii.     has been placed beyond the jurisdiction of this Court;

iv.     has been substantially diminished in value; or

v.     has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the property subject to forfeiture under the provisions of Title 21, United States Code, Section 853(p), which is incorporated by reference in Title 18, United States Code, Section 981(a)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

Redacted per privacy policy

FOREPERSON

2-18-2015
DATE

PAMELA C. MARSH
United States Attorney

ALICIA H. KIM
Assistant United States Attorney