**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                        **CASE NO. 3:15cr7/RV**

**ROSA M. BONNER
ARIYANNA S. LAMPLEY**
  **a/k/a "Schuyler J. Nickerson"**
**JIMMIE A. MCCORVEY**
  **and**
**MARCIA D. MCCORVEY**
  **a/k/a "Marcia Reaves"**
_____/

## MOTION FOR PROTECTIVE ORDER CONCERNING
## DISCLOSURE OF DISCOVERY INFORMATION

COMES NOW, the United States of America, by and through the undersigned

Assistant United States Attorney, and hereby moves this Court for a Protective Order

concerning the disclosure of information required to be provided by the government

pursuant to N.D. Fla. Loc. R. 26.3, and as grounds therefore states as follows:

On February 18, 2015, an indictment was returned against the above-named

defendants.  (Doc. 1.)  Warrants have been ordered for all defendants (Docs. 7-10), who will

retain or be appointed counsel and request discovery upon their first appearance on this

indictment.

Based upon the nature of the charges in the indictment, the government's discovery

materials include tax forms, financial statements, claim forms, and other documents bearing

the addresses, social security numbers, dates of births, account numbers, and other personal identifying information of the defendants and uncharged individuals.

In order to provide discovery in this case, the government is faced with three options: (1) only allow defense counsel to inspect the materials at the United States Attorney's Office; (2) redact the subject materials, which would be overly time-consuming and result in redaction of pieces of information needed by the defense due to the nature of the conspiracy charged in this case; or (3) request permission from this Court to provide the subject material pursuant to a protective order under Fed. R. Crim. P. 16(d)(1), which states:

> At any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

WHEREFORE, based on the aforementioned, the government seeks a protective order from the Court restricting discovery pursuant to Fed. R. Crim. P. 16(d)(1) by ordering: (1) that in order to aid in the exchange of discovery in this case, the government is permitted to provide copies of its discovery materials, which contain personal identifying information of uncharged individuals and entities and co-defendants, to defense counsel; (2) that defense counsel may not provide copies of said materials to any persons outside their respective offices; and (3) defense counsel must redact the personal identifying information of any

2

uncharged individual or entity and co-defendant(s) from a document prior to giving their respective clients a copy in the event it is necessary to provide such copies.

Respectfully submitted,

PAMELA C. MARSH
United States Attorney

*//s// Alicia H. Kim*
ALICIA H. KIM
Assistant United States Attorney
Northern District of Florida
Colorado Bar No. 41261
21 East Garden Street, Suite 300
Pensacola, Florida 32502-5675
Phone: (850) 444-4000
Fax: (850) 434-9050

## LOCAL RULE 7.1(B) CERTIFICATE AND CERTIFICATE OF SERVICE

The undersigned has not conferred with the defendants because they do not have counsel. The undersigned hereby certifies she will serve the foregoing motion and any subsequent order on defense counsel once appearances have been made.

*//s// Alicia H. Kim*
ALICIA H. KIM
Assistant United States Attorney
