**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                        **CASE NO. 3:15cr7/RV**

**JIMMIE A. MCCORVEY
  and
MARCIA D. MCCORVEY
  a/k/a "Marcia Reaves"**
_____/

## GOVERNMENT'S MOTION FOR A *GARCIA* HEARING
## REGARDING JOINT REPRESENTATION

COMES NOW, the United States of America, by and through the undersigned

Assistant United States Attorney, and hereby respectfully moves for a hearing pursuant to

Fed. R. Crim. P. 44(c)(2) and *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975),[1] due to the

joint representation of the above defendants by attorney Kenneth L. Williams, and as

grounds therefore states as follows:

Defendants Jimmie A. McCorvey and Marcia D. McCorvey are charged with

conspiracy to commit mail fraud. (Doc. 1.) They were each found eligible for court-

appointed counsel and provided separate attorneys. (Docs. 25, 29, 36, & 40.) Today, the

undersigned was notified that attorney Kenneth L. Williams filed notices of appearance on

behalf of both Jimmie and Marcia McCorvey.[2] (Docs. 61 & 62.)

---

[1] Decisions of the Fifth Circuit Court of Appeals filed prior to the close of business
on September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of
Prichard, Alabama*, 661 F.2d 1206 (11th Cir. 1981).

[2] Marcia McCorvey's current counsel has also moved to withdraw. (Doc. 60.)

Joint representation occurs when the same counsel represents two or more defendants whose criminal charges are joined. Fed. R. Crim. P. 44(c)(1). When this occurs,

> [t]he court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Fed. R. Crim. P. 44(c)(2). In determining the propriety of joint representation,

> the district court should address each defendant personally and forthrightly advise him of the potential dangers of representation by counsel with a conflict of interest. The defendant must be at liberty to question the district court as to the nature and consequences of his legal representation. Most significantly, the court should seek to elicit a narrative response from each defendant that he has been advised of his right to effective representation, that he understands the details of his attorney's possible conflict of interest and the potential perils of such a conflict, that he has discussed the matter with his attorney or if he wishes with outside counsel, and that he voluntarily waives his Sixth Amendment protections.

*Garcia*, 517 F.2d at 278 (citations omitted).

A defendant's "Sixth Amendment right to have the effective assistance of counsel encompasses the right to have counsel untainted by conflicts of interests." *United States v. Almeida*, 341 F.3d 1318, 1323 (11th Cir. 2003) (*citing Holloway v. Arkansas*, 435 U.S. 475, 98 S. Ct. 1173 (1978); *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708 (1980)). Even if the defendants wish to waive their constitutional right to effective counsel, a district court is "allowed substantial latitude in refusing waivers of conflicts of interest." *Wheat v. United States*, 486 U.S. 153, 163, 108 S. Ct. 1692, 1699 (1988). Due to the fact that Jimmie and Marcia McCorvey are co-defendants whose charges stem from the same criminal activity, a conflict may exist in Mr. Williams' representation of both.

WHEREFORE, in light of Mr. Williams' intent to jointly represent two co-defendants in this case, the government respectfully moves this Court for a *Garcia* hearing as promptly as possible before allowing such representation, as required by Fed. R. Crim. P. 44(c)(2).

Respectfully submitted,

PAMELA C. MARSH
United States Attorney

*//s// Alicia H. Kim*
ALICIA H. KIM
Assistant United States Attorney
Northern District of Florida
Colorado Bar No. 41261
21 East Garden Street, Suite 300
Pensacola, Florida 32502-5675
Phone: (850) 444-4000
Fax: (850) 434-9050

## LOCAL RULE 7.1(B) CERTIFICATE

I HEREBY CERTIFY that I have attempted to confer with attorney Kenneth L. Williams via both email and telephone but have not been able to reach him. However, it is assumed the government's motion is unopposed due to the mandatory nature of the relief requested.

*//s// Alicia H. Kim*
ALICIA H. KIM
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via notice of electronic filing to Kenneth L. Williams, counsel for Defendants Jimmie A. McCorvey and Marcia D. McCorvey; Spiro T. Kypreos, counsel for Defendant Marcia D. McCorvey; and Michelle L. Hendrix, counsel for Defendant Jimmie A. McCorvey, on this 30th day of March, 2015.

*//s// Alicia H. Kim*
ALICIA H. KIM
Assistant U.S. Attorney