IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:15cr7/RV

JIMMIE A. MCCORVEY
  and
MARCIA D. MCCORVEY
  a/k/a "Marcia Reaves"
_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION TO CONTINUE

COMES NOW, the United States of America, by and through the undersigned

Assistant United States Attorney, and hereby respectfully opposes the above-captioned

defendants' motions for a continuance (Docs. 93 & 94),[1] and as grounds therefore states as

follows:

The defendants were arraigned in this case on February 19, 2015 (Docs. 26 & 31),

and full discovery for this simple and straightforward fraud case was provided the

defendants the week after.[2] Jury trial in this case was moved May 4, 2015, in the interests of

---

[1] Although Defendants Jimmie and Marcia McCorvey filed separate motions to continue, because their trials have been set jointly, their motions rely on the same verbatim reasoning, and they are being represented by the same counsel, the government respectfully files this single response to both motions.

[2] The only "additional documents" that have been "recently produced by the government" are two certificates of absence of business records intended to be admitted at trial in lieu of the two letters written by the same custodians of records affirming the same thing that had been previously provided in discovery.

justice to allow for joint trial of all defendants arraigned at separate times, and the Court amended its trial order to reflect the new trial date on March 26, 2015. (Doc. 55.) The defendants had already retained their current counsel by that date. (Docs. 58 & 64.)

In order to continue this trial, the Court must be able to make a factual finding under one of the enumerated exclusions in section 3161(h) of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, as the defendants cannot choose to "opt-out" or waive their constitutional rights to a speedy trial. *Zedner v. United States*, 547 U.S. 489, 500-03, 126 S. Ct. 1976, 1985-87 (2006). The only applicable provision that would allow the Court to delay trial in this case is making "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The factors the Court must consider in making this determination are:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) or because the facts upon which the grand jury must base its determination are unusual or complex.
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

Failure to grant a continuance would not result in a miscarriage of justice and defense counsel has not put forth facts or allegations that proceeding during the May trial term would be impossible. Nor is this case particularly unusual or complex, particularly in the case of Defendant Marcia McCorvey, who is merely charged with conspiring to file a fraudulent oil spill claim with her husband. This Court admonished the defendants and their current counsel both verbally and in writing at their *Garcia* hearing on April 7, 2015, that no continuance would be granted to give any *new* counsel additional time to prepare for trial if it turned out there was an unforeseen issue with their current choice. (Docs. 73, 74 & 75.) As such, the government does not see how the defendants' *current* counsel—who has had this case for much longer than any new counsel would—would see additional time as a justifiable excuse for delay. Therefore, the defendants have offered no reason why trial cannot go forward as scheduled or why their counsel of choice has not been fully diligent in using the time granted to him to prepare for this trial.

As the undersigned relayed to defense counsel in writing last Friday, April 17, 2015, the government objects to any motion to continue as it has been preparing and is prepared to go forward during the May trial term. In addition, two out-of-town witnesses are testifying as material government witnesses in both this trial and the trial set for the same week in *United States v. Dennin*, case number 3:14cr62/RV. It would save significant resources and time for the government and for those witnesses to have those trials run back-to-back as currently scheduled.

WHEREFORE, the government respectfully requests the defendants' motion to continue trial be denied.

Respectfully submitted,

PAMELA C. MARSH
United States Attorney


*//s// Alicia H. Kim*
ALICIA H. KIM
Assistant United States Attorney
Northern District of Florida
Colorado Bar No. 41261
21 East Garden Street, Suite 300
Pensacola, Florida 32502-5675
Phone: (850) 444-4000
Fax: (850) 434-9050

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via notice of electronic filing to Kenneth L. Williams, counsel for Defendants Jimmie A. McCorvey and Marcia D. McCorvey, on this 24th day of April, 2015.

*//s// Alicia H. Kim*
ALICIA H. KIM
Assistant U.S. Attorney