# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:15cr7/RV

JIMMIE A. MCCORVEY

_____/

## FACTUAL BASIS FOR GUILTY PLEA

This statement of facts is submitted on behalf of the undersigned parties. All parties

agree that if the above-styled case were to go to trial, the government could produce

competent, substantial evidence of the following facts to prove the Defendant is guilty of the

offense(s) charged in the Indictment to which the Defendant is pleading guilty. The parties

further agree that not all of the facts known from or related to this investigation are

contained in this brief summary.

## STATEMENT OF FACTS

The Gulf Coast Claims Facility ("GCCF") was established to receive claims and

make payments for damages incurred as a result of the 2010 Deepwater Horizon oil spill.

Co-Defendants Rosa M. Bonner, Ariyanna S. Lampley a/k/a Schuyler Nickerson, and

Marcia D. McCorvey a/k/a Marcia Reaves agreed to have Defendant Jimmie A. McCorvey

file false GCCF claims in their names so that they could receive fraudulent payments from

the GCCF. Lampley also provided Defendant with the names, dates of birth, and social

security numbers of other individuals Defendant knew were actual people, including those of

FILED IN OPEN COURT THIS

4/30/15

CLERK U. S. DISTRICT
COURT NORTH DIST. FLA

V.M., D.O., and K.S., for the purpose of filing fraudulent GCCF claims and false tax returns with the Internal Revenue Service ("IRS").

Between on or about October 18, 2010, and on or about April 25, 2012, Defendant filed seven (7) false and fraudulent GCCF claims in his name and the names of Rosa M. Bonner, Schuyler J. Nickerson, Marcia Reaves, V.M., D.O, and K.S., seeking over $327,000 in payments for allegedly lost earnings and profits as a result of the oil spill. Defendant prepared and sent to the GCCF false and fraudulent W-2 forms, 1099 forms, tax returns, payroll and customer documentation for nonexistent companies, and other fraudulent documentation in support of these false claims. Further, Defendant fraudulently used addresses located in Pensacola, Florida, to falsely indicate that all of the claimants lived and worked in Pensacola. For example, Defendant claimed to live and work in Pensacola, when in fact Defendant was living and working in Georgia as an IRS Tax Examining Technician at the time. As a result of these false claims, the GCCF paid a total of approximately $95,200, mailing in interstate commerce approximately $64,300 in checks to Pensacola addresses and directly depositing approximately $30,900 into Defendant's bank account.

Between on or about October 29, 2009, and on or about June 3, 2011, Defendant agreed with Lampley and others to file false and fraudulent tax returns with the IRS in order to obtain refund payments to which they were not entitled. Defendant prepared and filed at least twenty-five (25) false and fraudulent tax returns with the IRS. As a result of those fraudulent returns, United States Treasury checks totaling approximately $62,664.36 were mailed in interstate commerce to addresses in or around Pensacola, Florida, and Atlanta, Georgia. The fraudulently obtained tax refund checks were deposited in bank accounts

2

controlled by Lampley, who paid Defendant a portion of each tax refund check received in cash.

<u>ELEMENTS</u>

The defendant can be found guilty of conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 1349, as alleged in Counts One and Two of the indictment, only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud, as charged in the indictment; and

(2) the defendant knew the unlawful purpose of the plan and willfully joined in it.

A defendant commits mail fraud when:

(1) the defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the defendant intended to defraud someone; and

(4) the defendant used the United States Postal Service by mailing or by causing to be mailed, or a private or commercial interstate carrier by depositing or causing to be deposited with the carrier, something meant to help carry out the scheme to defraud.

The defendant can only be found guilty of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), as charged in Count Three of the indictment, if all the following facts are proved beyond a reasonable doubt:

(1) the defendant knowingly transferred, possessed, or used another person's means of identification;

(2) without lawful authority;

3

(3)     during and in relation to the felony offenses enumerated in the indictment, that is, conspiracy to commit mail fraud as charged in Counts One and Two.

PAMELA C. MARSH
United States Attorney

KENNETH WILLIAMS
Attorney for Defendant

ALICIA H. KIM
Assistant United States Attorney

4/30/15
Date

9/30/15
Date

JIMMIE A. MCCORVEY
Defendant

4/30/15
Date

4