UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                     Docket No.:  3:15CR00007-003

JIMMIE A. McCORVEY

_____/

## SENTENCING MEMORANDUM

Defendant, Jimmy A. McCorvey, in accord with the decision in United States v. Booker,

543   U. S. 220 (2005) and 18 U.S.C. § 3553(a), requests this Court to impose a sentence that is

"sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18

U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). In United States v. Cawthorn, 429 F.3d 793, 802 (8th

Cir. 2005) ("Under § 3553(a), the Court stated, "the court shall impose a sentence sufficient, but

not greater than necessary, to, for example, account for the nature and seriousness of the offense,

provide just punishment, deter criminal conduct, protect the public, and avoid sentencing

disparities"; United States v. Angelos, 345 F.Supp.2d 1227, 1240 (D. Utah 2004) ("In imposing

sentences in criminal cases, the court is required by the governing statute – the Sentencing

Reform Act – to 'impose a sentence sufficient, but not greater than necessary, to comply with the

purposes set forth in [the Act].'" "Under the new advisory-guidelines system, a more-than-

adequate sentence would conflict with § 3553(a)'s injunction against greater-than-necessary

sentences."

The "over-arching provision" of 18 U.S.C.§ 3553(a) is, of course, to impose a sentence

sufficient, but not greater than necessary" to meet the goals of sentencing established by

Congress. <u>Kimbrough v. United States,</u> 128 S.Ct. 558, 570 (2007). The statute, in addition to requiring the sentencing court to consider the "nature and circumstances of the offense," requires the court to consider the "history and characteristics of the defendant."

Jimmy McCorvey's "history and characteristics," and the other factors set forth in § 3553(a) support a minimum incarcerative sentence. Mr. McCorvey's "history and characteristics" include the fact that he attended and finished Tate High School, graduating Magna Cum Laude in 1991. He afterward attended and graduated from Florida A & M University with a Bachelor of Science degree in electrical engineering in 1996. He has been employed by Kimberly Clark Corp of Atlanta, GA; an engineering consulting firm; a semiconductor manufacturing company in California; Gulf Power Company in Pensacola and has owned and operated several businesses. He also worked for HVAC Company and part time for the IRS. He is and has been a productive member of society.

As for his involvement in the instant offense, he is genuinely and completely remorseful for his engagement in the instant offenses. He apologizes to the Pensacola community in particular and society as a whole.

While the facts and circumstances may give the appearance and allow an inference that he was the originator and conductor of the scheme, he in fact was not. Although his conduct is inexcusable and he knowingly participated in the scheme, the idea was brought to him and he obtusely chose to engage in the charged criminal conduct. This does not minimize his culpability, rather it increases his remorse. He was "taught better" and "knew better". Consequently he wishes to make restitution as expeditiously as possible and resume his role as a productive and honest member of society. He importunes this Court to impose a sentence in

accord with the factors of 18 U.S. Code §3553(a) and the legislative intent that is sufficient, but not greater than necessary, to accomplish its purposes.

Counsel and the Defendant respectfully request the Court to make a well reasoned decision in accord with the requirements of 18 U.S.C. § 3553(a), and impose a sentence that will sufficiently punish him for his conduct and enable him to make restitution in a timely manner.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to the office of Assistant United States Attorney, Alicia Kim, by email delivery, on this 16th day of July, 2015.

Respectfully submitted,

/s/ Kenneth L. Williams

Kenneth L. Williams
Atlantic Justice Law Group, PLLC
Fla. Bar No. 0300535
118 E. Jefferson St.
Suite 106
Orlando, FL 32801