# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court Northern | District Florida | |
|---|---|---|
| Name (under which you were convicted):<br>Jimmie A. McCorvey | | Docket or Case No.:<br>3:15-CR-7/RV |
| Place of Confinement:<br>Federal Prison Camp, Montgomery, AL    36112 | Prisoner No.:<br>23265-017 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | Jimmie A. McCorvey | |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    United States District Court for the Northern District of Florida
    Pensacola Division

    The Honorable Roger Vinson, U.S. District Judge

    (b) Criminal docket or case number (if you know):   3:15-CR-7/RV

2.  (a) Date of the judgment of conviction (if you know):   July 20, 2015


    (b) Date of sentencing:   July 16, 2015

3.  Length of sentence:   72 Months imprisonment

4.  Nature of crime (all counts):
    Count 1: Conspiracy to commit mail fraud (18 U.S.C. §§1341 and 1349);
    Count 2: Conspiracy to commit mail fraud (18 U.S.C. §§1341 and 1349);
    Count 3: Aggravated Identity Theft  (18 U.S.C. §1028A(a)(1)).




5.  (a) What was your plea? (Check one)

    (1)   Not guilty ❑              (2)   Guilty x❑         (3)   Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count

    or indictment, what did you plead guilty to and what did you plead not guilty to?

    N/A




6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ❑        Judge only ❑

    N/A

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ❑ No ☒

8. Did you appeal from the judgment of conviction? Yes ❑ No ☒

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

Timely notice of appeal was filed but counsel abandoned client and failed to follow through in perfecting appeal.

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ❑ No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ❑ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:      Yes ❑   No ❑

(2)  Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**    Mr. McCorvey was denied the effective representation of counsel on direct appeal.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate counsel failed to pursue a properly filed appeal.

See Memorandum Brief in Support, Ground One.

**(b) Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are properly raised through proceedings pursuant to 28 U.S.C. §2255, not on direct appeal.
Also, the basis of claim had not occurred until attorney failed to file appeal.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑    No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**(b) Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None of the grounds presented herein have been presented to the Court.

Prior counsel was ineffective for failing to raise the issues contained herein.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐  No ☒
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Kenneth L. Williams, 118 East Jefferson St., Suite 106 Orlando, FL  32801  phone: (407) 930-1565 email: klwilliams@atlanticjustice.com

    (b) At arraignment and plea:
    Same

    (c) At trial:
    N/A

    (d) At sentencing:
    Same

(e) On appeal:

Same

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❑ No ☒x

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑ No ☒x

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate, Set Aside, or Correct Sentence

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on _January 14, 2016_ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIMMIE A.. McCORVEY,

        Petitioner,

v.

                                                   Case No. 3:15-CR-7-003-RV
                                     Civil Case/§2255 No. _____

UNITED STATES OF AMERICA,

        Respondent.

MEMORANDUM BRIEF IN SUPPORT OF MOTION UNDER
28 U.S.C. §2255 TO VACATE, CORRECT, OR SET ASIDE SENTENCE

TO THE HONORABLE MILES DAVIS,
UNITED STATES MAGISTRATE JUDGE:

Defendant/Petitioner Jimmie A. McCorvey ("Mr. McCorvey"), through pro se
representation, respectfully moves this Honorable Court under Section 2255 of Title 28
of the United States Code to Vacate, Correct, or Set Aside the sentence imposed by this
Court on July 16, 2015 (Doc. 142). Petitioner requests that his pleadings be construed
in a liberal manner pursuant to the holdings of Mederos v. U.S., 218 F.3d 1252, 1254
(11th Cir. 2000)("Pro se filings ... are entitled to liberal construction.").

Statement of the Case

On February 18, 2015, Mr. McCorvey was charged along with three codefendants in a
three count indictment. Mr. McCorvey was charged with: (i) Counts One & Two, Conspiracy
to commit mail fraud, under 18 U.S.C. §§1341 and 1349; and (ii) Count Three, aggravated
identity theft, under 18 U.S.C. §1028A(a)(1).

Petitioner was arrested on February 19, 2015 (Doc. 38). He was arraigned under
initial appearance before the Honorable Miles Davis on Feb. 20, 2015 (Doc. 22). Pending
trial, Mr. McCorvey was released on the same day on his own recognizance.

On March 25, 2015, trial (and later to be appellate) counsel Kenneth L. Williams filed timely notice of appearance (Doc. 62).

Based upon advice of counsel, that he would advocate for him and negotiate an amenable deal for McCorvey, the Petitioner was encouraged to change his plea and plead guilty on April 29, 2015 (Doc. 102). On April 30, 2015, subsequent to what can only be characterized as a "non-bargained for" plea bargain, subject to no adversarial testing, haggling or bartering, Petitioner's trial attorney exposed McCorvey to the maximum punishment possible (absent variance and/or departure) pursuant to a non-binding plea (Doc. 106). Trial counsel arranged for McCorvey to plead guilty (Doc. 105) to all three counts of the three count indictment (Doc. 1) without even so much as the benefit of consideration requesting two-level (or three-level) reduction for acceptance of responsibility under §3E1.1(a) and/or (b) of the U.S.S.G. Manual. "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." U.S. v. Cronic, 104 S. Ct. 2039, 2047 (1984). Trial counsel did not object to any proposition advanced by the opposing party. He never insisted on any benefit for his client.

Mr. McCorvey was sentenced to 72 months imprisonment on July 16, 2015 (Doc. 142), by the Honorable Roger Vinson, Senior U.S. District Judge. Since McCorvey's trial counsel failed to exercise even the most rudimentary good faith on behalf of his client's well-being, the Court fortunately, determined sua sponte that McCorvey deserved a two-level reduction for acceptance of responsibility under §3E1.1(a). In fact, Judge Vinson noted that "you just stood in front of me and said you accepted full responsibility and you apologized for your wrongdoing and that you were wrong." (Doc. 142, p.9). The Court obligingly announced that "I'm going to give you acceptance of responsibility, although it's kind of like pulling teeth to get this on the record." (Doc. 142, p.12). Thus, no thanks to McCorvey's attorney, the Defendant ended up

-2-

receiving two points for acceptance of responsibility, although Attorney Williams could have sought (and likely received) the additional point under §3E1.1(b) if he had insisted that it be included as part of a negotiated plea bargain/agreement. Unfortunately, attorney Williams never seemed concerned enough to pursue such matters for his client.

After the sentence was handed down Judge Vinson advised McCorvey of his right to appeal from the sentence and/or judgment within 14 days of the date he was sentenced (Doc. 142, p.18). Notice of appeal was timely filed July 27, 2015 (Doc. 150). Taking into consideration the totality of the circumstances and with no objection by the Government, McCorvey was allowed to remain under the release conditions previously set and ordered to self-surrender to the Bureau of Prisons on Aug. 17, 2015 (Id.). Judgement in the instant case was effected July 20, 2015 (Doc. 144). Subsequent to several motions, the mandate was declared final and judgment was decreed on Sept. 24, 2015. On the same day, pursuant to Eleventh Circuit Rule 42-1(b), McCorvey's appeal was "dismissed for want of prosecution." (Doc. 174). Accordingly, McCorvey's appeal was removed from the Court's docket because Petitioner's appellate counsel failed to pursue the case to completion.

Applicable Standard

Claims of ineffective assistance of counsel are governed by the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984): To succeed on any claim of ineffective assistance of counsel, a defendant must show that: (1) the attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that except for the attorney's unprofessional errors and omissions, the results of the proceedings would have been different. A "reasonable probability" is a probability sufficient to undermine the confidence in the outcome. Strickland, 466 U.S. at 694. Ineffective assistance of counsel claims related to sentencing require the defendant to show an increase in the sentence imposed due to

-3-

counsel's unprofessional errors and omissions to establish prejudice under <u>Strickland</u>. See <u>Glover v. U.S.</u>, 531 U.S. 198, 203 (2001).

A "criminal defendant has a constitutional right to counsel during the first appeal as a right." <u>Williams v. Turpin</u>, 87 F.3d 1204, 1209 (11th Cir. 1996)(citing <u>Evitts v. Lucey</u>, 469 U.S. 387, 398 (1985)). The right to effective assistance of counsel during the first appeal attaches because once the state has created a right of appeal, it must likewise ensure that all persons have an equal opportunity to enjoy that right. <u>Douglas v. People</u>, 372 U.S. 353, 356-57 (1963). The Due Process Clause of the Sixth Amendment guarantees a defendant/appellant the right to effective assistance on direct appeal. <u>Evitts v. Lucey</u>, 469 U.S. 387, 396 (1985).

"The same standard applies whether we are examining the performance of counsel at the trial or appellate level." <u>Eagle v. Linahan</u>, 279 F.3d 926, 938 (11th Cir. 2001)(citing <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11th Cir. 1987)).

<u>Ground One</u>: Appellate counsel was constitutionally deficient for failing to pursue a properly filed appellate brief.

This Circuit has observed, "[a]s a preliminary matter ... we have long held, and the Supreme Court determined in <u>Roe</u> [v. Flores-Ortega, 528 U.S. 470, 477 (2000)], that an attorney's failure to file an appeal after a defendant requests that he or she do so normally should result in the court granting him an out-of-time appeal, even absent the defendant showing that he or she would have had any viable grounds for appeal." <u>Medina v. U.S.</u>, 167 Fed. Appx. 128, 133-34 (11th Cir. 2006)(also citing <u>Martin v. U.S.</u>, 81 F.3d 1083 (11th Cir. 1996)).

Under Circuit precedent, it appears that when a district court concludes that an out-of-time appeal in a criminal case is warranted as remedy in a 28 U.S.C. §2255 proceeding, the correct remedy is: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) same sentence should then be reimposed;

-4-

(3) upon reimposition of that sentence, the defendant should be advised of all rights associated with an appeal from a criminal sentence; and (4) the defendant should be advised that the time for filing notice of appeal from the reimposed sentence is 14 days, pursuant to Fed.R.App.P. 4(b)(1)(A)(i). See U.S. v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

In a similar situation the Second Circuit explained that "we have jurisdiction to recall our mandate dismissing [the defendant's] direct appeal for failure to prosecute and reinstate that appeal." McHale v. U.S., 175 F.3d 115, 120 (2d Cir. 1999). Akin to Mr. McCorvey's case, the court in McHale stated that "we are concerned, not with a failure to file an appeal, but with a failure to pursue a properly filed appeal." McHale, 175 F.3d at 119. And although procedurally the Eleventh Circuit and the Second Circuit utilize somewhat different methods to remedy the same problem, at the end of the day, in both cases the judgment was vacated and the defendant's appeal rights were reinstated.

Due process requires that "[d]estitute defendants ... must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." Lane v. Brown, 372 U.S. 477, 483 (1963). Therefore, prejudice is presumed when counsel initially files an appeal but later fails to prosecute the appeal, causing it to be dismissed. See, e.g., Hernandez v. U.S., 202 F.3d 486, 487-89 (2d Cir. 2000). Prejudice is also presumed where a criminal defendant files the notice of appeal pro se but his counsel fails to take the required steps to perfect the appeal even if miscommunication caused the failure. See, e.g., U.S. v. Pena, 233 F.3d 170, 172 (2d Cir. 2000).

As in all of these cases, like the instant case, the Petitioner/Defendant lost his opportunity to appeal when his counsel unreasonably failed to take the required steps to preserve and prosecute his appeal.

See also, Petitioner's Declaration Sworn under Penalty of Perjury which is attached to this pleading.

-5-

## CONCLUSION

As a result of appellate counsel's deficient representation, the Petitioner was prejudiced by loss of constitutionally guaranteed rights. Such unreasonable performance was not due to any strategic decision and fell outside the wide range of professional norms expected of an attorney in preserving and perfecting a criminal appeal.

Wherefore, the Petitioner prays that this Honorable Court GRANT the relief he requests and Vacate, Correct, or Set Aside his sentence and/or judgment as well as any other relief that this Court may deem to be just and appropriate.

I certify under penalty of perjury that the foregoing is true and correct.

Executed and respectfully submitted this _14_ day of January, 2016.

Jimmie A. McCorvey, pro se
Reg. No. 23265-017
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL   36112

-6-

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIMMIE A. McCORVEY,

     Petitioner,

v.

                                    Case No. 3:15-CR-7-003-RV
                                            Civil Case
                         28 U.S.C. §2255 No. _____

UNITED STATES OF AMERICA,

     Respondent.

DECLARATION OF JIMMIE A. McCORVEY
SWORN UNDER PENALTY OF PERJURY

I, Jimmie A. McCorvey, being over the age of majority and to the best of my belief and recollection do hereby state:

1. I told my attorney to ensure that I received credit for acceptance of responsibility at sentencing.

2. I asked my attorney that in return for my pleading guilty and not proceeding to trial, for him to negotiate the best bargain possible with the AUSA with respect to my plea agreement.

3. To my knowledge, my attorney failed to object to anything in the record (e.g., PSI calculations, acceptance of responsibility, aggravated identity theft, etc.).

4. My attorney did not withdraw from my case even after I filed in forma pauperis motion.

5. After I was sentenced attorney Williams stopped accepting the majority of my phone calls to his office or to his direct cell number. He also failed to return emails and letters. The District Court has a copy of one letter that I mailed to

-1-

attorney Williams (see #7 below).

6. While I was in prison here at Montgomery I called attorney Williams in November 2015 (prison phone calls are recorded). He told me the appeal was over with and if I wanted any relief to "go ahead and file a motion for ineffective assistance of counsel". At other times, attorney Williams would pick up, put me on hold for long periods of time and then hang up. At other times he would just fail to accept my call altogether. In an attempt to preserve my appeal rights, I filed for status in forma pauperis (Doc. 166)(Sept. 1, 2015), because I knew I had appellate rights but never having appealed a criminal case, I had no idea how to proceed. I just knew I had to try something. Attorney Williams obviously wasn't going to help me.

7. Dated July 27, 2015, the docket sheet reflects my filing a letter requesting to know the status of my appeal (dated 10/27/2015).

8. Attorney Williams failed to preserve or prosecute my appeal issues. He also failed to communicate with me in any way about my options and requisite time frames.

Upon my hand and seal I certify under penalty of perjury that the foregoing is true and correct.

Executed and respectfully submitted this _14_ day of January, 2015.


Jimmie A. McCorvey, pro se
Reg. No. 23265-017
Federal prison Camp
Maxwell Air Force Base
Montgomery, AL    36112

-2-

Jimmie A. McCorvey
Reg. No. 23265-017
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL    36112


Clerk of the Court
U.S. District Court
Northern District of Florida
100 North Palafox Street
Pensacola, FL    32502

RE: Case No. 3:15-CR-7-003-RV
    Judge Roger Vinson
    Senior U.S. District Judge


CERTIFICATE OF SERVICE


The undersigned, as a pro se Petitioner has caused the following motions: (1) Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. §2255; and (2) Memorandum Brief in Support of §2255 Motion, to be filed and served by mailing same to the United States Clerk of the Court, at the address listed above. The undersigned also certifies under penalty of perjury that he has delivered to prison officials for forwarding through the institution's Legal/Special system the above noted motions to be mailed by first-class U.S. Mail on this _14_ day of January, 2016. Pursuant to the ECF filing regulations the Clerk of the Court is asked under separate accompanying document to have filed and served these documents.


_____
Jimmie A. McCorvey