## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court NORTHERN | District FLORIDA | |
|---|---|---|
| Name (under which you were convicted):<br>JIMMIE A. McCorvey | | Docket or Case No.:<br>3:15-CR-7/RV |
| Place of Confinement:<br>FEDERAL PRISON CAMP, MONTGOMERY, AL 36112 | | Prisoner No.:<br>23265-017 |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) |
| | v. JIMMIE A. McCorvey | |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

    THE HONORABLE ROGER VINSON, U.S. DISTRICT JUDGE

    (b) Criminal docket or case number (if you know):  3:15-CR-7/RV

2.  (a) Date of the judgment of conviction (if you know):  JULY 20, 2015

    (b) Date of sentencing:  JULY 16, 2015

3.  Length of sentence:  72 MONTHS IMPRISONMENT

4.  Nature of crime (all counts):

    COUNT 1: CONSPIRACY TO COMMIT MAIL FRAUD (18 U.S.C. § 1341 and 1349);
    COUNT 2: CONSPIRACY TO COMMIT MAIL FRAUD (18 U.S.C. § 1341 and 1349);
    COUNT 3: AGGRAVATED IDENTITY THEFT (18 U.S.C. § 1028A(a)(1)).

5.  (a) What was your plea? (Check one)

    (1)  Not guilty ❑           (2)  Guilty ☑           (3)  Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)      Jury ❑      Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ❑  No ☑

8. Did you appeal from the judgment of conviction?  Yes ❑  No ☑

9. If you did appeal, answer the following:

   (a) Name of court:

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ❑  No ☑

     If "Yes," answer the following:

     (1) Docket or case number (if you know):

     (2) Result:

     (3) Date of result (if you know):

     (4) Citation to the case (if you know):

     (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☑  No ❑

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:  US DISTRICT COURT PENSACOLA DIVISION

     (2) Docket or case number (if you know):  3:15-CR-7/RV

     (3) Date of filing (if you know):  JANUARY 16, 2014

(4) Nature of the proceeding: 28 U.S.C. § 2255

(5) Grounds raised:

TO OBTAIN APPEAL RIGHTS DUE INEFFECTIVE ASSISTANCE OF COUNSEL

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☑ No ☐

(7) Result:  APPEAL RIGHTS RESTORED

(8) Date of result (if you know):  JUNE 8, 2016

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:       Yes ☐   No ☑

(2)  Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

APPEAL RIGHTS WERE RESTORED

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: AS A RESULT OF THE DISTRICT COURT'S LOSS CALCULATION ERROR, PETITIONER WAS PREJUDICED BY BEING OVER-SENTENCED BY TWO (2) LEVELS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE MEMORANDUM BRIEF IN SUPPORT, GROUND ONE.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

HAVE NOT HAD THE OPPORTUNITY TO APPEAL

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏    No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏    No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏    No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND TWO:    N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ❑

   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑   No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** $N/A$

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑    No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




GROUND FOUR:    N/A


(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❏ No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❏ No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

> No

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:   KENNETH L. WILLIAMS

(b) At arraignment and plea:          ,,

(c) At trial:                         ,,

(d) At sentencing:                    ,,

(e) On appeal:

N/A

(f) In any post-conviction proceeding: RONALD JOHNSON

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❑ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

VACATE, SET ASIDE, OR CORRECT SENTENCE

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on ___July 5TH, 2018___ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIMMIE A. McCORVEY,　　　　　　　　)
　　　　　Petitioner,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　　) Case No. 3:15-CR-7-003-RV
　　　　　　　　　　　　　　　　　　　　) Civil Case/§ 225 No. 3:16-CV-27
　　　　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　　)
　　　　　Respondent.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)

MEMORANDUM BRIEF IN SUPPORT OF MOTION UNDER
28 U.S.C. § 2255 TO VACATE, CORRECT, OR SET ASIDE SENTENCE

TO THE HONORABLE CHARLES J. KAHN, JR.,
　　　UNITED STATES MAGISTRATE JUDGE:

Defendant/Petitioner Jimmie A. McCorvey ("Mr. McCorvey"), through pro se representation, respectfully moves this Honorable Court under Section 2255 of Title 28 of the United States Code to Vacate, Correct, or Set Aside the sentence imposed by this Court on July 16, 2015 (Doc. 142). Petitioner requests that his pleadings be construed in a liberal manner pursuant to the holdings of Medoros v. U.S., 218 F.3d 1252, 1254 (11th Cir. 2000) ("Pro se filings ... are entitled to liberal construction.").

Statement of the Case

On February 18, 2015, Mr. McCorvey was charged along with three codefendants in a three-count indictment. Mr. McCorvey was charged with: (i) Counts One & Two, Conspiracy to commit mail fraud, under 18 U.S.C. §§ 1341 and 1349; and (ii) Count Three,

Filed 07/12/18 USDC FLN 3PM 11 Filed 07...

aggravated identity theft, under 18 U.S.C. § 1028A(a)(1).

Petitioner was arrested on February 19, 2015 (Doc. 38). He was arraigned under initial appearance before the Honorable Miles Davis on Feb. 20, 2015 (Doc. 22). Pending trial, Mr. McCorvey was released on the same day on his own recognizance.

On March 25, 2015, trial (and later to be appellate) Counsel Kenneth L. Williams filed timely notice of appearance (Doc. 62).

Based upon advice of counsel that he would advocate for him and negotiate an amenable deal for McCorvey, the Petitioner was encouraged to change his plea and plead guilty on April 29, 2015 (Doc. 102). On April 30, 2015, subsequent to what can only be characterized as a "non-bargained-for" plea bargain, subject to no adversarial testing, haggling or bartering, Petitioner's trial attorney exposed McCorvey to the maximum punishment possible (absent variance and/or departure) pursuant to a nonbinding plea (Doc. 106). Trial counsel arranged for McCorvey to plead guilty (Doc. 105) to all three counts of the three-count indictment (Doc. 1) without even so much as the benefit of consideration requesting two-level (or three-level) reduction for acceptance of responsibility under § 3E1.1(a) and/or (b) of the U.S.S.G. Manual. "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." U.S. v. Cronic, 104 S.Ct. 2039, 2047 (1984). Trial counsel did not

object to any proposition advanced by the opposing party. He never insisted on any benefit for his client.

Mr. McCorvey was sentenced to 72-months imprisonment on July 16, 2015 (Doc. 142), by the Honorable Roger Vinson, Senior U.S. District Judge. Since McCorvey's trial counsel failed to exercise even the most rudimentary good faith on behalf of his client's well-being, the Court fortunately determined sua sponte that McCorvey deserved a two-level reduction for acceptance of responsibility under § 3E1.19a). In fact, Judge Vinson noted that "you just stood in front of me and said you accepted full responsibility and you apologized for your wrongdoing and that you were wrong." (Doc. 142, p. 9)

The Court obligingly announced that "I'm going to give you acceptance of responsibility, although it's kind of like pulling teeth to get this on the record." (Doc. 142, p. 12). Thus, no thanks to McCorvey's attorney, the Defendant ended up receiving two points for acceptance of responsibility, although Attorney William could have sought (and likely received) the additional point under § 3E1.1(b) if he had insisted that it be included as part of a negotiated plea bargain/agreement. Unfortunately, Attorney Williams never seemed concerned enough to pursue such matters for his client.

After the sentence was handed down, Judge Vinson advised McCorvey of his right to appeal from the sentence and/or judgment within 14 days of the date he was sentenced (Doc. 142, p. 18).

Notice of appeal was timely filed July 27, 2015 (Doc. 150).

Taking into consideration the totality of the circumstances andwith no objection by the Government, McCorvey was allowed to remain under the release conditions previously set and ordered to self-surrender to the Bureau of Prisons on Aug. 17, 2015 (ID.). Judgment in the instant case was effected July 20, 2015 (Doc. 144). Subsequent to several motions, the mandate was declared final and judgment was degreed on Sept. 24, 2015. On the same day, pursuant to Eleventh Circuit Rule 42-1(b), McCorvey's appeal was "dismissed for want of prosecution." (Doc. 174). Accordingly, McCorvey's appeal was removed from the Court's docket because Petitioner's appellate counsel failed to pursue the case to completion.

McCorvey then filed a 2255 motion to have his direct appeal rights restored (Doc. 179). As a result, McCorvey was granted an evidentiary hearing (Doc. 124) in front of the Honorable Judge Charles S. Kahn, Jr. on June 8, 2016 on which day he was again granted the opportunity to pursue his direct appeal. This Order (Doc. 191) was adopted on July 7, 2016. Attorney Ronald Johnson was appointed to McCorvey and filed a notice of appeal (Doc. 192) on McCorvey's behalf on July 21, 2016. Not communicating with McCorvey, Attorney Johnson filed an Ander's Brief without McCorvey's knowledge on February 22, 2017. Accordingly, McCorvey

filed a response in opposition to the Ander's brief on April 10, 2017. On July 31, 2017 the U.S. Court of Appeals for the Eleventh Circuit affirmed McCorvey's conviction and sentence. Accordingly, McCorvey was denied once again the opportunity to challenge his sentence and argue the issues of merit in his case.

## Applicable Standard

The intended loss amount derived from the calculations is a factual finding reviewed for clear error. When reviewing for clear error, the Government will reverse only if left with the definite and firm conviction that a mistake has been committed. The Petitioner is required to show an increase in the sentence imposed due to the district court's method of calculating loss.

## Ground One

Appellant argues that the Government incorrectly calculated the loss amount to be $414,741.32 vs. $389,664.36. The intended loss is less than $400,000.00, which is collectiv dy supported by the total amounts:

```
Indictment (DKT1)    BP claims      $327,000.00 (Pg 4)
                   + Tax Returns     62,664.36 (Pg 4)
                                    $389, 664.36 (less than
                                           $400,000)
```

Statement of Facts    BP Claims        $327,000.00 (Pg 2)

(DKT 107)              + Tax Returns    62,664.36 (Pg 2)

                                        $389,664.36 (less than

                                            $400,000)

PSR (DKT 132)

|  |  |  | Initial | Interim | Final |
|---|---|---|---|---|---|
| On pg 7 | par 22a | My loss | 25,867 |  | 5,000 |
|  | par 23 | Marcia | 26,434 |  |  |
| pg 8 | par 24a | Schuyler | 26,781.32 | 26,000 |  |
|  | par 25 | Victor | 12,142 | 18,500 | 25,000 |
| pg 9 | par 26a | Demetrius | 26,587 |  |  |
|  | par 27 | Kevin | 25,434 |  | 78,000 |
|  | par 29 | Rosa | 26,345 |  | 5,000 |
|  |  |  | 169,590.32 | 44,500 | 113,000 |

169,590.32 + 44,500 + 113,000 = 327,090.32

For a total for BP Claims of    327,090.32  (DKT 1 Pg 4)

                                            (DKT 107 Pg 2)

Tax Fraud total:               + 72,671.00  PSR (DKT 132 Pg 12)

                                399,761.32  (less than $400,000)


    Being represented without effective assistance of counsel
at sentencing, Petitioner addressed the court three (3) times
regarding his intended loss amount being incorrect.

This is the following colloquy between the Court and the Defendant that took place:

THE COURT: Have you found any factual errors in that report that that have not been corrected?

(1st Mention)

THE DEFENDANT: Yeah, I think the money value was wrong.

THE COURT: I don't think there's any that have been brought to my attention. What specifically do you think is in error?

THE DEFENDANT: Judge--

THE COURT: There have been some changes made in the addendum, which have added and changed some numbers on the victim impact, for example, but those have all been corrected on the record. Anything else?

(2nd Mention)

THE DEFENDANT: Yeah, I don't really understand how they came up with the numbers they came up with to charge me with.

THE COURT: I'm sorry?

(3rd Mention)

THE DEFENDANT: I don't really understand how they got the numbers they came up with to charge me with.

THE COURT: Well, the numbers are something else, but the numbers are from the record information that we have. But do you have any factual errors in this report? Is your age right, your family connections right, everything else that's set

in this report?

THE DEFENDANT: That's correct.

THE COURT: As far as you can tell, everything is accurate?

THE DEFENDANT: Yes, Sir.

THE COURT: All right. Mr. Williams, I don't think you have any objections; is that right?

MR. WILLIAMS: That's correct, Your Honor.

(Jimmie McCorvey's Sentencing Transcript, DKT 178, Pgs 2-3)


In this colloquy, Petitioner clearly alerted the court that the money value was a controverted matter and did it before sentence was imposed. Fed R. Crim P. 32(i)(1)(D) permits the judge to allow a party to make a new objection before sentence is imposed. However, the Court didn't rule on the controverted matter. Fed R. Crim Proc 32(i)(3)(B) states "must-for any disputed portion of the presentence report or other controverted matter rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the Court will not consider the matter in sentencing.

In Petitioner's case, this is a matter that would affect sentencing by reducing his guidelines level from §2.B1.1(b)(1)(H) to §2B1.1(b)(1)(G), which is a two (2) level reduction.

## CONCLUSION

As a result of the district court's loss calculation, the Petitioner was prejudiced by being over-sentenced by two (2) levels.

Wherefore the Petitioner prays that this Honorable Court GRANT the relief he requests and Vacate, Correct, or Set Aside his sentence and/or judgment as well as any other relief that this Court may deem to be just and appropriate.

I certify under penalty of perjury that the foregoing is true and correct.

Executed and respectfully submitted this $5$TH day of July, 2018.


Jimmie A. M^CCorvey, pro se
Reg. No. 23265-017
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112

**Jimmie A. McCorvey**
Reg. No. 23265-017
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112


Clerk of the Court
U.S. District Court
Northern District of Florida
100 North Palafox Street
Pensacola, FL 32502


RE:   Case No. 3:15-CR-7-003-RV
      Judge Roger Vinson
      Senior U.S. District Judge


## CERTIFICATE OF SERVICE


The undersigned, as a pro se Petitioner, has caused the following motions: 1) Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255; and 2) Memorandum Brief in Support of § 2255 Motion, to be filed and served by mailing same to the United States Clerk of the Court, at the address listed above.  The undersigned also certifies under penalty of perjury that he has delivered to prison officials for forwarding through the institution's Legal/Special system the above noted motions to be mailed by first-class U.S. Mail on this 5th day of July, 2018.  Pursuant to the ECF filing regulations the Clerk of the Court is asked under separate accompanying document to have filed and served these documents.


Jimmie A. McCorvey

Filed 07 12 18 UsDcFln3AM1150

⇔23265-017⇔
Jimmie A Mccorvey
1 FPC Montgomery
Maxwell AFB, AL 36112
United States



CHECKED MAY 1 0 2018

⇔23265-017⇔
Federal Courthouse
100 N Palafox ST
Pensacola, FL 32502
United States
ATTN: CLERK OF COURT